IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRELANDRA S. WOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02701-TLP-cgc |
| v. ) | |
| ) | |
| MEMPHIS MENTAL HEALTH ) | |
| INSTITUTE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Frelandra Womack pro se sued Defendants Memphis Mental Health Institute ("MMHI"), Jeff Coons—"CEO of MMHI," Michael Rogers—"Attorney for MMHI," and Christopher Bowden—"Lead Investigator of MMHI." (ECF No. 1 at PageID 2.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters. Judge Claxton granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 10.)

Judge Claxton screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss all Plaintiff's claims with prejudice. (ECF No. 11.) For the reasons below, the Court **ADOPTS** her R&R and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**BACKGROUND**

Plaintiff sued here in October 2022 and moved to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff's complaint is a form entitled "COMPLAINT FOR VIOLATION OF CIVIL

1

RIGHTS" and with a checked box for 42 U.S.C. § 1983. (ECF No. 1 at PageID 1–4.) Plaintiff's thirty-one-page complaint uses both a pre-printed form and pages of handwritten notes. (*See id.*) Her suit stems from her time as a patient at Defendant MMHI in April 2022. (*Id.* at PageID 6.) Plaintiff claims that she was "transported to the MMHI for a court-order psych evaluation." (*Id.*) And employees of MMHI committed "sexual acts to include penetration . . . nude photography of myself and the request for oral sex in exchange for monetary payment." (*Id.*)

Plaintiff alleges that she was "discharged" from MMHI in May 2022 and sent "back to the Jail East Womens' Unit (Shelby County)" where she was "given a disciplinary . . . due to the confiscation of Contraband" provided her in MMHI. (*Id.* at PageID 7.) She claims that she then returned to her "hometown of Little Rock, AR" after her release before coming "back to Memphis, TN" where she sought "Legal Advice per Google to see if It was to late to file a complaint." (*Id.*) In August 2022, she was "[a]dvised . . . by the Non-emergency (Memphis) police (that) a report was taken by Sgt. Weaver Detective of Sex Crimes Div." (*Id.*) Plaintiff's complaint then narrated—with meandering timelines—her unsuccessful attempts to report her allegations both to the Memphis Police Department and MMHI, punctuated by personal details from her life. (*Id.* at PageID 8–22.)

She now sues Defendant MMHI for failure to "notify of sexually violent and/or abusive employees." (*Id.* at PageID 5.) MMHI CEO Defendant Coons for "allowing employees to remain employed" despite allegations of misconduct. (*Id.*) MMHI Attorney Defendant Michael Rogers for failing to "comply with protocol once received info by the [Memphis Police District] Sex Crime Div investigator[.]" (*Id.*) And MMHI Lead Investigator Defendant Bowden for "deliberately giving false information about" MMHI's employees regarding their employment. (*Id.*)

2

Plaintiff claims that these constitutional or statutory rights were violated by Defendants: "Tort Law Liability; Personal tort action TCA 28-3-104; Medical Malpractice TCA § 29-26121 & TCA § 29-26-116, Federal Protected Rights 18 U.S.C. § 25(b)(2), Deprivation of Rights Under Color of Law 18 U.S.C. § 242, The Civil Rights Act of 1964; 19 US Code § 1592 Gross Negligence; Tennessee Governmental Tort Liability Act – TCA §§ 29-20-202 through 29-20-05. (*Id.* at PageID 4.) She claims $3,000,000 in "non-economic damages," and $4,500,000 in punitive damages. (*Id.* at PageID 26.)

### **THE R&R**

After recounting the factual and procedural history, Judge Claxton screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). (*See* ECF No. 11.) Judge Claxton applied Federal Rule of Civil Procedure 12(b)(6) as the United States Supreme Court set forth in *Twombly* and *Iqbal*. (*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). Judge Claxton stressed that pro se complaints like this case are "held to less stringent standards," but not "exempt from the requirements of the Federal Rules of Civil Procedure." (*Id.* (citing cases).)

Judge Claxton reports that Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a)(1) which requires that "a short and plain statement of the grounds for the court's jurisdiction." (*Id.* at PageID 78.) She reasons that Plaintiff's complaint does not make clear which of the listed statutory violations apply to which Defendant or Defendants. (*Id.* at PageID 78–79.)

Judge Claxton recommends that Plaintiff's § 1983 claims be dismissed with prejudice for failing to state a claim upon which relief can be granted. (*Id.* at PageID 79.) She cites case law from this district noting that a "suit against [MMHI] is actually a suit against the State of

Tennessee," and so the Eleventh Amendment bars Plaintiff's action. (*Id.*)  She then goes through Plaintiff's multiple statutory bases for her suit and dismisses them for lacking relief that can be granted. (*Id.* at 79–80.)  She then concludes by recommending that the Court certify that any appeal taken by Plaintiff will not be in good faith so Plaintiff may not appeal in forma pauperis. (*Id.* at PageID 80.)

## LEGAL STANDARD

Courts conduct screenings for every civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  When screening these complaints, a court dismisses the complaint or any portion of it that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Courts apply the same level of screening to all civil complaints filed by plaintiffs proceeding in forma pauperis, as in this case.  28 U.S.C. § 1915(e)(2)(B); *see also In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("The requirements of § 1915(e)(2) overlap the criteria of § 1915A.").  When screening a case, the court must "dismiss the case at any time" if it finds such a deficiency.  28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B), courts consider whether a complaint states a claim upon which relief may be granted using the standard for evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Supreme Court set forth the standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under this standard, the court accepts as true "well-pleaded" factual allegations in the complaint and decides whether they "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting

*Iqbal*, 556 U.S. at 681); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The court need not accept as true any conclusory allegations, and every legal conclusion in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Courts liberally construe pro se complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But even pro se complaints have to satisfy the plausibility standard. *See Barnett*, 414 F. App'x at 786; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). And pro se litigants still must follow the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). What is more, courts need not create a pro se litigant's claim for him. *Payne v. Sec. of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (citations omitted).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R in late April 2023, and Plaintiff filed no objections.[1] The time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Finding no clear error, the Court agrees with Judge Claxton's R&R.

## I.    **Plaintiff Failed to Meet her Burden of Establishing Subject Matter Jurisdiction**

---

[1] After Judge Claxton entered her R&R, Plaintiff filed three documents. The first is a "Claim for relief," which reiterates points in Plaintiff's complaint without addressing the R&R. (ECF No. 12.) The second is a "Police Reports of Crimes Against Persons Since Sexual Assault Report Made by Myself on 9/1/2022" which lists "Police Report #s of Active Retaliation & Carnage." (ECF No. 13.) The third is entitled "Defenses, Admissions, and Denials by the Defendants," which include handwritten subpoenas to Memphis Police Department, Memphis ACLU chapter, local media outlets, among other things. (ECF No. 14.) But none of these filings object to Judge Claxton's R&R. At best, they are "objections disputing the correctness of the [magistrate judge's] recommendation but fail[] to specify the findings believed to be in error . . . ." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). When that happens, the district court treats a party's objections as a general objection to the entire magistrate judge's report. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). And "[a] general objection is considered the equivalent of failing to object entirely." *Id.* Either way, the Court reviews the R&R for clear error.

Plaintiff has not shown that this Court has subject-matter jurisdiction to hear her case. Under 28 U.S.C. § 1331 federal district courts have "subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006). That is known as "federal question" jurisdiction. But Plaintiff's citation of federal statutes here fails to give the Court federal question jurisdiction. (*See* ECF No. at PageID 4 (identifying 18 U.S.C. § 245(b)(2), 18 U.SC. 242).) Naming federal statutes that do not include a private right of action does not automatically confer Article III standing.

The statutes Plaintiff listed here are federal criminal statutes under Title 18 of the United States Code. Individuals do not bring cases under criminal statutes, the government does. Plaintiff has no Article III standing to sue under federal criminal statutes because she is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021); *Saro v. Brown*, 11 F.App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Plaintiff may notify law enforcement agencies, like her local police, the FBI, or another agency about criminal conduct. *See id.* But only prosecutors, representing the state or federal government, may bring a criminal case. *See id.* As a result, the Court lacks jurisdiction to hear this case.

## II.     Plaintiff Failed to State a Claim Upon Which Relief Can be Granted

The Court also agrees with Judge Claxton that Plaintiff's complaint fails to state a claim upon which relief can be granted. As noted above, Federal Rule of Civil Procedure 12(b)(6) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–57 (2007) govern when courts may dismiss a complaint for such a failure. To avoid

dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

As Judge Claxton remarked: "It is not clear from the [Complaint's] narrative whether Plaintiff is claiming that these violations [referring to the federal criminal statutes discussed above] form the basis for Federal jurisdiction of her claim under 42 U.S.C. § 1983, or that she is making claims under these statutes against the defendants independent of the § 1983 claim." (ECF No. 11 at PageID 79.) While Plaintiff pleads no violations of her federal constitutional rights, the most generous reading of her complaint would be a § 1983 claim under the statutes she listed. Even if the Court were to make this construction, the Court agrees with Judge Claxton's analysis dismissing the claim anyway:

> Because MMHI is an agency of the State of Tennessee, "[a] suit against MMHI is actually a suit against the State of Tennessee." *Ward v. Shelby Cty.*, No. 05-cv-02205, 2006 WL 8435001, at *3 (W.D. Tenn. Mar. 7, 2006). The Eleventh Amendment bars suits against state agencies and suits in which the state itself is named as a defendant because "a state is not a person within the meaning of 42 U.S.C. § 1983." *Id.*; *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 56 U.S. 139, 144 (1993)

*See also Mattox v. Memphis Police Dep't*, No. 19-6114, 2020 WL 5872747, at *2 (6th Cir. Feb. 18, 2020) (finding that Eleventh Amendment sovereign immunity bars claims against state agencies or departments—MMHI in particular). And the same is true for the rest of the individual defendants whom Plaintiff sued in their official capacities (ECF No. 1 at PageID 3–4).

8

"To survive a motion to dismiss claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). Plaintiff makes a lot of disturbing allegations, but she has not pleaded enough facts to make a plausible claim under § 1983. These are still state actors.

The Court also agrees with Judge Claxton's recommendation to dismiss Plaintiff's 19 U.S.C. § 1952 claims. Title 19 of the United States code deals with customs and duties. Section 1952 deals with penalties for fraud, gross negligence, and negligence. 19 U.S.C. § 1952. As Judge Claxton noted: "Nothing in Plaintiff's extensive narrative indicated that her claim is grounded in fraud or negligence in the introduction of merchandise in the United States." (ECF No. 11 at PageID 80.)

**III.    The Court has no jurisdiction over Plaintiff's remaining state-law claims**

Since Plaintiff failed to meet her burden of showing diversity or federal-question jurisdiction for this action, the Court may not assert supplemental jurisdiction over her state-law claims. 28 U.S.C. § 1367. Judge Claxton correctly identified and described the rest of Plaintiff's claims as arising under state law. (*Id.* (citing Tenn. Code. Ann. §§ 28-3-104, 29-26-121, 29-26-116, 29-20-202–205) The Court has no jurisdiction over these claims arising under Tennessee Law.

### IV.     The Court Certifies that Any Appeal Would not be Taken in Good Faith

Judge Claxton notes that an appeal by Plaintiff would not be taken in good faith.[2] (*Id.* at PageID 81 (citing 28 U.S.C. § 1915(a)(3)). She notes that it would be inconsistent for the Courts to decide that this complaint should be dismissed without even serving the Defendants but then to decide there is enough merit to support an appeal. (*Id.* (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983.)) The Court agrees. There is no good-faith basis to pursue an appeal here.

### CONCLUSION

The Court has reviewed Judge Claxton's R&R for clear error and finds none. And so the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's action **WITH PREJUDICE**. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 4th day of August, 2023.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE

---

[2] On July 31, 2023, Plaintiff filed a "Letter to Withdrawl Complaint due to Lack of Interest by Judicial Party." (ECF No. 15.) Plaintiff listed several reasons for her withdrawing the suit (*Id.* at PageID 183–85) and notes that "Retaliation Complaint will be sough as to the Next Interval of Justice." (*Id.* at PageID 183.)